

# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 21038500**
**Date Processed: 01/29/2020**

| | |
|---|---|
| **Primary Contact:** | Maricela Lopez<br>Symrise Inc.<br>300 North St<br>Teterboro, NJ 07608-1204 |
| **Entity:** | Symrise Inc.<br>Entity ID Number  2187373 |
| **Entity Served:** | Symrise, Inc |
| **Title of Action:** | DS Smith vs. Symrise. Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Glynn County State Court, GA |
| **Case/Reference No:** | CV20200005 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 01/27/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Robert L. Russell<br>912-876-0888 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

ORIGINAL
FILED IN OFFICE
1/8/2020 2:30 PM

Brenda Boone-Cove

CLERK OF STATE COURT
GLYNN COUNTY GEORGIA

# IN THE STATE COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DS SMITH,<br><br>         Plaintiff,<br>VS.<br><br>SYMRISE, INC.,<br>& RENESSENZ, LLC.,<br><br>         Defendants | CIVIL ACTION NO.<br>CV20200005 |

## SUMMONS

TO: CORPORATION SERVICE COMPANY at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092, as Registered Agent of Symrise, Inc.

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiffs' attorneys, whose names and address is:

> Billy N. Jones
> Robert L. Russell
> Jones, Osteen & Jones
> P.O. Box 800
> Hinesville, GA 31313

an answer to the Complaint which is herewith served upon you with 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 8th day of January, 2020.

Clerk of State Court, Glynn County

By: _____
Deputy Clerk

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

ORIGINAL
FILED IN OFFICE
1/8/2020 2:30 PM
Brenda Boone-Cove
CLERK OF STATE COURT
GLYNN COUNTY GEORGIA

| DS SMITH, | |
|---|---|
| Plaintiff, | |
| VS. | CIVIL ACTION NO. |
| SYMRISE, INC., & RENESSENZ, LLC., | CV20200005 |
| Defendants | |

## COMPLAINT

COMES NOW DS SMITH, Plaintiff in the above styled action and files this complaint for damages against SYMRISE, INC and RENESSENZ, LLC, Defendants, respectfully showing the Court the following:

1.

The Defendant, RENESSENZ, LLC, is a Delaware corporation and the last registered office of its agent in Georgia was maintained in Glynn County, Georgia.

2.

The Defendant, SYMRISE, INC, is a New Jersey corporation with a registered office maintained in Gwinnett County, Georgia.

3.

The Defendants, SYMRISE, INC and RENESSENZ, LLC, have transacted substantial business in Georgia through purchasing crude sulfate turpentine from the Plaintiff, DS SMITH, in Liberty County, Georgia.

4.

The Defendants, SYMRISE, INC and RENESSENZ, LLC, are subject to the jurisdiction of this Court and venue is proper in this Court. The Defendant, SYMRISE, INC, may be served

with this Complaint and Summons through its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. The Defendant, RENESSENZ, LLC, may be served with this Complaint and Summons through its registered agent, The Corporation Trust Center, at 1209 Orange Street, Wilmington, Delaware, 19801.

4.

On or about November 1, 2015, the Defendants, SYMRISE, INC and RENESSENZ, LLC, entered into a contract with Plaintiff, DS SMITH, for the purchase and sale of crude sulfate turpentine. A copy of the contract is attached hereto as Exhibit A.

5.

Between March 1, 2019 and April 30, 2019, the Plaintiff, DS SMITH, delivered to the Defendants, SYMRISE, INC and RENESSENZ, LLC, a certain amount of crude sulfate turpentine for which the Defendants were obligated under the contract to pay $135,000.

6.

The Plaintiff, DS SMITH, has complied fully with all its obligations under the contract, and all conditions precedent to the Defendants' payment have been met.

7.

Despite repeated demands by the Plaintiff, DS SMITH, the Defendants have breached the contract by failing to make payment of the $135,000 due and owing to the Plaintiff, DS SMITH.

8.

As a result of the foregoing, the Defendants are presently indebted to the Plaintiff, DS SMITH, in the amount of $135,000.

9.

WHEREFORE, the Plaintiff, prays for the following relief:

(a) That the Court enter judgment in favor of the Plaintiff against the Defendants in the amount of $135,000;

(b) That the Plaintiff have a trial by jury;

(c) That all costs of this action, including attorney's fees, be assessed against the Defendants; and

(d) That the Plaintiff have such other and further relief as is just and proper.

Respectfully submitted this 8th day of January, 2020.

_____
Billy N. Jones
Georgia Bar No. 398800
Robert L. Russell
State Bar No. 859385
Counsel for Plaintiff

**JONES OSTEEN & JONES**
608 East Oglethorpe Highway
Hinesville, Georgia 31313
(912) 876-0888
(912) 368-5536 (facsimile)
bjones@jojlaw.com
crussell@jojlaw.com

# CRUDE SULFATE TURPENTINE
# PURCHASE AGREEMENT

THIS AGREEMENT (the "Agreement") is made effective as of the first day of November, 2015, between **INTERSTATE PAPER LLC**, 2366 Interstate Paper Road, **Riceboro, Georgia, 31323** (hereinafter referred to as "**Seller**"), and **RENESSENZ LLC**, a Delaware corporation having its principal office and place of business at **601 Crestwood Street, Jacksonville, FL 32208**, (hereinafter referred to as "**Buyer**").

The parties agree as follows:

1. Seller shall produce and sell to Buyer, and Buyer shall purchase and receive from Seller subject to the following terms and conditions one hundred percent (100%) of Seller's production of the crude sulfate turpentine (hereinafter referred to as "CST") from Seller's mill located at Riceboro, Georgia, and for any other mills that may be acquired by Seller during this contract, Buyer shall have the first right of refusal for the CST production from the acquired mills as soon as its current contract expires. Notwithstanding any contrary provisions in this Agreement, Seller shall not be required to produce any specific volume of CST. Seller's obligations hereunder are contingent on the actual production of CST. Annual production of CST from Seller's mill is estimated but not guaranteed to be 300,000 gallons.

2. The Initial Term of this Agreement shall be from November 1, 2015 through December 31, 2017. The price to be paid for CST sold to Buyer shall be fixed at $4.70 per gallon FOB Seller's mill for the first year of this Agreement, November 1, 2015 through October 31, 2016. Buyer and Seller agree to meet in October 2016 and every twelve-month's for the life of this contract to negotiate price based on actual market conditions. Upon expiration of the Initial Term the agreement shall automatically renew for successive two-year terms (the Renewal Term) beginning on January 1, 2018 and every two years thereafter, unless Buyer or Seller give written notice of cancellation at least six-months prior to the end of the Initial Term or any subsequent Renewal Term.

3. Payment for CST purchased hereunder shall be net 45 days from date of invoice. Seller shall not render invoice prior to shipment.

4. Delivery shall be made and title shall pass to Buyer F.O.B. Seller's mill at Riceboro, Georgia. Buyer shall supply rail car or truck transportation as necessary to take delivery. It is understood that shipment by tank truck is the existing and preferred method of shipment. Shipments will be scheduled as mutually agreed and shall, as nearly as is reasonably possible taking into consideration Seller's production schedule, be made at uniformly spaced intervals.

5.
    (a) CST shall target the following general specifications:

- 2 -

|  | Required Target | Test Method |
|---|---|---|
| Moisture | 2.0% Maximum free water of net weight of shipment | Drainable |
| Appearance | Relatively free of suspended Material | Visual |
| Alpha+Beta-pinene | 80% minimum | GC |

(b) When CST does not meet the moisture specification, the net weight of the shipment shall be reduced by the actual amount of the moisture content less 2.0 percent by weight of the individual shipment and the price shall be adjusted accordingly.

(c) When CST fails to meet the above specifications in other than moisture content and is nevertheless accepted by Buyer, Buyer and Seller shall, acting reasonably, negotiate an equitable adjustment in price of such CST.

6. Seller warrants its title to the CST covered by this Agreement and, subject to paragraph 5, its adherence to specifications contained in paragraph 5, at the time of shipment and for a period of 30 days after the date of unloading at Buyer's facilities. Any claim asserted by Buyer with respect to the CST hereunder must be made within 30 days after the date of unloading or it will be waived and the Buyer shall have the right to return the CST for a full credit. Subject to the foregoing, Buyer accepts the product as is, where is, with all faults, assumes all risks and liability arising from unloading, discharge, storage, handling and use of the CST. Seller's liability for the CST shall end upon the proper loading of the CST in suitable rail cars or trucks and notification to the railroad or drivers that said rail cars or trucks are loaded and ready to leave Seller's mill. The foregoing warranty is in lieu of all other warranties either express or implied, including without limitation the implied warranty of merchantability or fitness for a particular purpose.

7. Buyer is warned and acknowledges that CST may constitute hazardous materials regulated by Federal, State and/or local authorities. Buyer hereby agrees to defend, indemnify, and hold Seller harmless from and against any and all claims, liabilities, costs, expenses and damages arising from the transportation, storage, release and disposal of any CST purchased hereunder from and after title thereto passes to Buyer pursuant to Paragraph 4 herein.

8. In no event shall either party be liable to the other party for indirect, punitive consequential, special or incidental damages related to this Agreement whether in contract or tort (including negligence, strict liability or otherwise).

9. Neither party hereto shall be liable to the other for failure to ship or receive hereunder if prevented by strike, fire, act of God, war, civil commotion, riot, governmental regulations or restrictions, shortages of raw materials and/or fuel supplies, or other cause or delay beyond the control of the affected party. The foregoing shall not relieve Buyer from any payment obligation hereunder.

- 3 -

10. Neither party shall be deemed in default or breach of this Agreement should market, environmental or business conditions require (i) the discontinuation of a product(s); (ii) the partial cessation of production or the partial shutdown of manufacturing facilities, or (iii) the total cessation of production or the total shutdown of manufacturing facilities and termination of this Agreement.

11. This Agreement shall inure to the benefit of and bind the parties hereto, their successors and assigns, but shall not be assignable by a party without the prior written consent of the other party, which consent shall not be unreasonably withheld. Notwithstanding the foregoing, this Agreement, or any rights or obligations hereunder shall be assignable by one of the parties without the written consent of the other party to its subsidiary, parent, affiliate or to another person or entity that has merged or acquired substantially all of the assets of the party at interest, or in the case of the Seller, to any person or entity that has acquired any portion of the Mills which generates CST.

12. This Agreement shall be construed under and in accordance with the laws of the State of Georgia.

13. This Agreement constitutes the entire Agreement between the parties hereto with respect to the subject matter hereof and there are no understandings, covenants, representations or warranties of any kind whatsoever except as expressly set forth herein. A failure to exercise any right hereunder with respect to any breach shall not constitute a waiver of such right with respect to any subsequent breach.

14. No amendment of any provisions of this agreement shall be valid unless the same shall be in writing and signed by each party hereto. Any purchase orders or purchase order acknowledgement forms issued pursuant to this Agreement shall be for the purpose of ordering goods only and the terms attached to such forms shall not serve to amend or supplement this Agreement. No waiver by any party of any default, misrepresentation, or breach of warranty or covenant hereunder, or breach of any provision of this Agreement, whether intentional or not, shall be deemed to extend to any prior or subsequent defect, misrepresentation, or breach of warranty or covenant hereunder, or breach of any provision of this Agreement, or affect in any way any rights arising by virtue of any prior or subsequent such occurrence.

15. For the term of the Agreement, Buyer will reasonably cooperate with Seller to identify opportunities to increase Seller's yield and quality, provided that the foregoing shall not be interpreted or construed as an obligation or commitment on the part of Buyer to provide a minimum amount of services or a guarantee of any results from such collaborative efforts.

*Exhibit A*
*pg. 4 of 4*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement the day and year first above written.

INTERSTATE PAPER LLC

By: _____
Name: Nicolas Shwayri
Title: V.P. Global Commerce

By: _____
Name:
Title:


RENESSENZ LLC

By: _____
Name: DALE HOBSON
Title: V.P. BUSINESS DEVELOPMENT
& STRATEGIC MATERIALS

CIVIL ACTION NO. CV20200005

DATE FILED January 8, 2020

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Jones, Osteen & Jones
P.O. Box 800
Hinesville, GA 31310

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

Corporation Service Company
Registered Agent for Symrise, Inc.
40 Technology Parkway, #300
Norcross, GA 30092

[ ] MAGISTRATE [ ] STATE [ ] SUPERIOR - COURT
GWINNETT COUNTY, GEORGIA

DS SMITH

PLAINTIFF(S)
VS. SYMRISE, INC.;
RENESSENZ, LLC.
DEFENDANT(S)

GARNISHEE

Other attached documents to be served: Complaint & Summons

## SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL** Upon the following named defendant:

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to _____ described as follows: approximate age ____ yrs; approximate weight ____ pounds; approximate height ____ feet and ____ inches, domiciled at residence of the defendant.

[X] **CORPORATION** Upon corporation Symrise, Inc.

By serving _____, in charge of the office and place of business of the corporation in this county.

By serving Alin S___ , its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

This ____ day of January, 2020.

SHERIFF DOCKET _____ PAGE _____

TIME: _____ . M.

_____ DEPUTY

Q:\ Magforms\Forms\MAG 10-10 Sheriff's Entry of Service